Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT

for the

_____ District of __Nevada__

_____ ⌐‾‾‾‾

Nathaniel M.Williams
848 North Rainbow Blvd, #176
Las Vegas,NV 89107

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**2:20-cv-02021-GMN-BNW**

_Plaintiff(s)_
_(Write the full name of each plaintiff who is filing this complaint._
_If the names of all the plaintiffs cannot fit in the space above,_
_please write "see attached" in the space and attach an additional_
_page with the full list of names.)_

Jury Trial:  _(check one)_   ☒ Yes   ☐ No

-v-

Desert Palace LLC
3570 South Las Vegas Blvd.
Las Vegas, NV 89109

_Defendant(s)_
_(Write the full name of each defendant who is being sued.  If the_
_names of all the defendants cannot fit in the space above, please_
_write "see attached" in the space and attach an additional page_
_with the full list of names.)_

```
┌─ FILED           ─ RECEIVED
└─ ENTERED         ─ SERVED ON
       COUNSEL/PARTIES OF RECORD

      NOV 0 2 2020

   CLERK US DISTRICT COURT
   DISTRICT OF NEVADA
BY:                      DEPUTY
```

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Nathaniel M.Williams |
| Street Address | 848 North Rainbow Blvd., #176 |
| City and County | Las Vegas, Clark County |
| State and Zip Code | Nevada, 89107 |
| Telephone Number | 702-845-6317 |
| E-mail Address | NWilliams07@wildcats.jwu.edu |

### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title _(if known)_.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Desert Palace LLC |
| Job or Title *(if known)* | |
| Street Address | 3570 South Las Vegas Blvd. |
| City and County | Las Vegas, Clark County |
| State and Zip Code | Nevada, 89109 |
| Telephone Number | (702) 407-6300 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### C.      Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Caesars Palace Hotel and Casino |
| Street Address | 3570 South Las Vegas Blvd. |
| City and County | Las Vegas, Clark County |
| State and Zip Code | Nevada, 89109 |
| Telephone Number | 702-407-6300 |

## II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒        Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐        Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐        Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐        Other federal law *(specify the federal law)*:

☒        Relevant state law *(specify, if known)*:

NRS 613.210, Blacklisting,        NRS 613.200, Prevention of Employment,        NRS 200.575, Stalking,        NRS 200.571, Harassment

☐        Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.   The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☒   Failure to hire me.

☐   Termination of my employment.

☐   Failure to promote me.

☐   Failure to accommodate my disability.

☐   Unequal terms and conditions of my employment.

☒   Retaliation.

☒   Other acts *(specify)*:   Harassment, Illegal Reference Check when stated "Do Not Contact"

*(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.   It is my best recollection that the alleged discriminatory acts occurred on date(s)

Events started September 28,2020 and was reported to the NERC/EEOC as "ongoing retaliation. Last complaint to EEOC made 10/22/20 for "Retaliation".

C.   I believe that defendant(s) *(check one)*:

☒   is/are still committing these acts against me.

☐   is/are not still committing these acts against me.

D.   Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☒   race   Hiring Managers at Mesa Grille, Bacchanal, and Raos had contacted my former employer when I asked "do not contact" being I had filed a charge of racial discrimination with the NERC, as well made two "internal" complaints of "harassment" and "death threats". They were given "intentionally false information to persuade a "do not hire", and when they found out it was false information they were "extorted" by their contact a Cafe Americano to "do as they were told" or face

☐   color   being exposed by the same person(s) who had been complained about for "racial discrimination" their own selves.

☐   gender/sex   _____

☐   religion   _____

☐   national origin   _____

☐   age *(year of birth)*   _____   *(only when asserting a claim of age discrimination.)*

☐   disability or perceived disability *(specify disability)*

_____

E.   The facts of my case are as follows. Attach additional pages if needed.

*(Note:  As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.    Exhaustion of Federal Administrative Remedies

A.      It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

### December 22, 2018          #34B-2019-00730

B.      The Equal Employment Opportunity Commission *(check one)*:

□      has not issued a Notice of Right to Sue letter.

☒      issued a Notice of Right to Sue letter, which I received on *(date)*    07/31/2020    .

*(Note:  Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.      Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

□      60 days or more have elapsed.

□      less than 60 days have elapsed.

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    10/30/2020

Signature of Plaintiff

Printed Name of Plaintiff    Nathaniel M. Williams

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| NATHANIEL M.WILLIAMS | Case No.: Number |
| 848 NORTH RAINBOW BLVD, #176 | |
| LAS VEGAS, NV 89107 | REQUEST FOR JURY TRIAL |
| 702-845-6317 | |
| NWILLIAMS07@WILDCATS.JWU.EDU | |
| Plaintiff, | |
| vs. | |
| DESERT PALACE LLC | |
| 3570 S. LAS VEGAS BLVD | |
| LAS VEGAS, NV 89109 | |
| Defendant | |

.

# **Complaint**

Nathaniel M. Williams, the plaintiff and applicant for open Chef Tournant positions at Caesars Palace Hotel and Casino operating under Desert Palace LLC, complains of the defendant, requests a jury trial, and alleges the following,

1. Nathaniel M.Williams also referred to as Chef Williams, was a "qualified prospect" at Caesars Palace Hotel and Casino, with "active" applications for open Chef positions at Mesa Grille, Bacchanal, and Rao's. Caesars Palace Hotel and Casino, Address : 3570 South Las Vegas Blvd, Las Vegas, NV 89109.  Operates within the State of Nevada under Desert Palace LLC. Desert Palace LLC operates in the State of Nevada  with well over 500 employees. The employer meets the needed threshold of employees (over 500), where they can face liability to be sued under the Title VII Civil Rights Act of 1964, citing  2000.e2, 2000.e3. in violation of alleged non compliance and unlawful adverse actions.

PLEADING TITLE - 1

2. The defendant is Desert Palace LLC, in which the complained Restaurants operate under their "authority". These restaurants are Mesa Grille, Bacchanal, and Rao's. Mesa Grille's Executive Chef contact was Ryan Calvo. The Bacchanal Executive Chef contact was Richard Leggett, and Rao's Executive Chef contact was Fatimah Madyun. Each of these were my contact points throughout the interview process. A claim of "failure to hire", and "retaliation" was filed in regards to this matter on December 22, 2018. The EEOC Charge No. is 34B-2019-00730. Right to Sue Letter was issued by the EEOC and received on July 31, 2020 for a private lawsuit against the stated employer.

3. Court records within the Superior Court in Maricopa County, Phoenix, AZ will show clear causation and reason to believe that, the complaint at hand is a "copy cat" act of misconduct of several employers and co workers who were reported and complained about to corporate offices, both of my colleges attended of Le Cordon Bleu Scottsdale and Johnson and Wales University Providence and it's administrators, two trips to the Phoenix Field Division of the Federal Bureau Of Investigation (FBI - Detective Murphy 2014), two "tips" of "racial discrimination" in the workplace reports to the Department of Justice, with a third being reported via their updated website on October 22, 2020 for the reporting of the "death threats", "self confessions" made by Defendant No. 3 Harold Norris of his membership of The Klu Klux Klan and White Nationalist both being White Supremacist Groups, which in the middle of an NERC and EEOC investigation each, thats was grounds enough for me, to "alert" the highest Department of Justice, as well as the NAACP Las Vegas Chapter, and the NAACP Providence Chapter speaking to Ms. Nicole Stingle of the Providence Chapter.

4. I have long since grown tired of the Defendants bragging as to how they have "contacted and reached out" to the same "respondents" residing in the Arizona area, asking for pointers on how to "emulate" whatever the previous respondents had done in that area before I moved to Vegas. Each Individual Defendant citing that they want to play some type of game in where, whatever alleged misconduct which they had done in AZ, that they aren't going to "play themselves" and only act out what was previously done. On that note, several of the previous respondents, specifically told the present Defendants "not to do it", "enough had already been done and that it was too hot, and one would only be repeating what someone else had did to add more stress and chaos into ones city and environment".

On September 24, 2018, I was terminated from Cafe Americano which is a restaurant located within Caesars Palace Hotel Casino. I believe that I was "wrongfully terminated" after I had filed an internal complaint I the Executive

PLEADING TITLE - 2

Chef Harold Norris, whom is a Defendant named in another case which is against that company. Within three days after my termination I had plenty of requests for interviews at various 4 and 5 Star Luxury Hotels for their open Chef positions.

        5. I had placed applications into the portal at Caesars Entertainment career site for open Chef Tournant positions at Mesa Grille, and Bacchanal, on or around the dates of September 25, 2018. My first call back for an interview was at Bacchanal when I received a call from Chef Richard Leggett. We scheduled the interview for October 18, 2018 and when I had arrived, Chef Richard was about 30 minutes late for the interview. Finally when the interview had begun, a visitor had arrived and introduced himself and sat in for the interview. This visitor was the Executive Chef of the entire Caesars Palace property Wolfgang. During the interview Chef Richard had stated that he no longer had the position open at Bacchanal, yet wanted to set up the "tasting - skills exam" for me to conduct the following week, no later than Wednesday, which was the 24th of October 2018.

        6. The tasting would be conducted for the many other chefs of the property at other restaurants to attend and critique the tasting and decide from there which restaurants would like to recruit me from that stage and begin the process of proceeding to a hiring. Chef Richard had asked if there was anyone that he could call for a "reference" at Cafe Americano. When I completed the application "online" I specifically checked the "do not contact" box on the application. I didn't want them contacted and ruining my opportunities anywhere when I have my life at stake as well as the fact that it's come to either find a new chef position quickly or face eviction. I said that I didn't wish to consent to anyone being contacted at the Cafe Americano restaurant and said that I could provide him with two solid references from former bosses, and I believe that I have him the numbers for Steve Queen my Executive Chef from the Hilton, and Terri Shahan my General Manager from Sonny's Steakhouse.

        7. I, the plaintiff, waited and waited for Chef Richard to return my phone calls, and stated to him that I am facing eviction from my home, that I am a Hotel and Lodging Management Student at the prestigious and prominent Johnson and Wales University Providence for a Bachelor's Degree trying to complete my needed graduation credits, and still no return call for the "tasting" to be completed as he stated to me in the interview. Chef Richard was actually contacted by a former coworker at Cafe Americano who I named within several EEOC complaints for serious racial discrimination issues as well as retaliation, name Jose Levin, who is a Front of House Manager at Cafe Americano. Jose is an Hispanic who like to run off at his mouth so much and boast and brag about

PLEADING TITLE - 3

1   the dirty deeds he has committed against people and goes so far as to also brag and boast as to how in his words, "he

2   admits to doing things to people to ruin or SABOTAGE opportunities, and states that they can't prove it though".

3   Jose is a manager who has made so many of the oddest statements such as believing that he can "see into peoples

4   eyes and invade their personal space and privacy", stating that he can "remote view" people and know where they

5   are at all times, and their "thoughts and words which they are about to speak, yet before they even speak it". The

6   word, totally creepy and bizarre persona kept coming into my mind, while working with Jose, since it's always the

7   question of, what you claim, where is it part of the written job duties, where does on draw the line, when does the

8   stuff become unlawful, is it used in absolute "good faith" or just for "personal vendettas", and is there some type of

9   line drawn when men practice this on women and "compromising" situations such as trying to "use this remote view

10  stuff to make women feel sexually harassed and vice versa for men"?

11          8. Jose proceeded to brag verbally on and on about how on October 19, 2019 he had been

12  contacted by Chef Richard and made himself available to speak with Chef Richard. Jose just got reported for Racial

13  Discrimination and is a known racist Hispanic literally hates black people and will set anyone up to cover up as a pre

14  text of what his true intentions are. Which in my experience is trying to use any and everyone dumb enough to hurt

15  and injure the lives of black(African American) people and manipulate people into aiding his dirty deeds while

16  extorting them with what he persuaded them to go along with. Jose tells Chef Richard over a course of 7 days from

17  October 19 to the 26 of 2018 (up until a do not hire is made), that I have warrants for my arrest for a driving

18  violation and that I wouldn't pass the background exam and not to waste time. Fact Check, there was no warrant, and

19  of note : Never imply that one is of a skill set which you know that there will be no problem with passing a skills test

20  of a tasting, to make it to the background check stage of the hiring process, because "but so for" the meddling and

21  "Tortious Interference" of Jose in seeking to prevent myself, the plaintiff from entering a Employment Contract with

22  Caesars Palace; is there ANY DISPUTE that I wasn't qualified or was "unlikely" to be hired as a Chef for Caesars

23  Palace?

24          9. Jose proceeded to tell Chef Richard that I was a "Devil Worshipper" and that Jose and the

25  power of God would allow a Devil Worshipper to work anywhere in Caesars Palace. Oddly enough, Jose goes from

26  saying this about Devil Worshipping to "literally" making the public verbal claim out of his own mouth to being a

27  Devil Worshipper his own self. Jose also stated to each hiring manager, that I am homeless and that I don't take

28  showers/baths and that I wouldn't be able to come to work clean and bathed by not having access to a shower

PLEADING TITLE - 4

1   facility. Shouting matches took place with Jose and Richard as well with Ryan Calvo of Mesa Grille while Jose

2   pressed and pressed to get each of them to pass up on hiring me. It's the fact that they each realized Jose was "lying

3   intentionally" to get a "hiring decision" of do no hire, while committing the acts of "harassment", "retaliation",

4   threatening behavior", "stalking", all "against company policy".

5           10. Along with several other also named defendants in another case and several charges with the

6   EEOC regarding this same "retaliatory" behavior, it even came to the point where, Jose and others ran off at the

7   mouth about how they "stared into the eyes of Richard, Ryan, and even Fatimah, and pressured each of them with

8   unwanted attention and intense scrutiny, until each in hopes to get this attention off of them, placed a "ultimate

9   hiring" decision of "do not hire".

10           11. Shemario Jones was the culprit who is even crazy enough to "boldly" self confess to what he

11   had done to Fatimah until she went along with it. Being lead by example of all the mischief which goes on at the

12   former employer of Cafe Americano. Yet Shemario Jones is a Porter, who washed dishes, and just what authority is

13   he acting under for this type of targeting and contact to seek such judgment. A dishwasher meddling in the

14   confidential job search of a professional chef, doesn't make sense. Rule of them is, never tell anyone about your job

15   leads, nor as to who you are interviewing with. Now if I have never told anyone such a thing of my job leads, where

16   does this attention come from if there aren't any statements that I, the plaintiff have ever made contact to anyone and

17   stated, "hey, this is exactly where I applied to and have scheduled to interview with. Remote viewing is what your

18   managers and non mangers are implying that this is what the craft I used for, in committing acts of harassment,

19   staling, unwanted following, and to spy and invade privacy of others in hopes to ruin job opportunities and peoples

20   livelihood.

21           12. Richard Leggett was the next to be reported to the EEOC for "failure to hire" and retaliation,

22   when he started "ironically" being crazy enough to help aid Jose's mess after Richard realized and witnessed Jose

23   bragging to me about what he had done to Richard. Now Richard started to state that I know had to be watched since

24   I could implicate him and hurt his reputation and job status with reporting him. Next Richard is following and

25   harassing me all throughout the process of the EEOC/NERC with unwanted attention, knowing Jose basically

26   bragged about what he did to him, and ratted out all of them. Jose knows he is going down for a lot of stuff he had

27   done, and he will brag about "taking as many people with him" as a "lead by example" approach for his

28   subordinates.

PLEADING TITLE - 5

13. Richard Legget stated that I would now never be able to find another chef position again, and that at Caesars Palace that they in his own words, "wanted to hire only people who can see into the eyes and minds of the subordinates to always know where their location is and what they are doing at all times as a form of surveillance on staff". That's his own words to me verbally. I looked at him like, taught by what Culinary School or Hospitality Management School and where is that in company policy or in writing within. He then stated that he left me out there and didn't call and get the tasting scheduled, thinking that I actually did have a warrant (which I didn't) and he did it in a way of "failure to appear" as he had believed the warrant was for. Someone call the EEOC and file another "retaliation" report, please. This stuff is way out of hand!

14. I, the plaintiff strongly believe and allege that the hiring chefs at Caesars Palace knowing and intentionally had retaliated against me with adverse action regarding employment opportunities and sought to "internally blacklist" me from the company, by their own admissions while spending countless days, months and these past almost two years trying to "unwantedly follow" me around keeping tabs on my private life, hoping to add "direct economic harm", "severe emotional distress", as well "wreckless endangerment" of my own personal safety by preventing potential employers elsewhere from hiring me with harassment and unwanted attention by each of them their own selves in addition and as accomplices to what the Defendants at Cafe Americano had already established. The Covid 19 pandemic had hit and left me still unemployed and living homeless on the streets of Las Vegas, and at an extremely higher risk of contracting the virus and becoming ill, when "but so for" the adverse actions taken towards me by the Caesars Palace chefs, I should without a reason of doub, should have already found a new chef position long ago. Chef positions are now extremely "scarce" and with all of the "rising" Covid 19 cases currently, many employees and employers are facing new possible shut downs, adding only to a weaker job market.

15. I, the plaintiff believe and allege that these hiring managers operated with their capacity to unlawfully violate the Title VII Civil Rights Act of 1964 citing 2000.e2, 2000.e3, by seeking a reference checks from my previous employer without my "consent", were given "knowingly intentionally false information" and allowed my name and reputation to be defamed. They each had became aware of the fact that it was all lies in hopes of gaining a "ultimate hiring decision of do not hire", and prevention of the plaintiff from gaining work at the Caesars Palace location. Each hiring manager was in full understanding that they were going to be reported and
PLEADING TITLE - 6

complained about for their unlawful actions against me, and each sought to "retaliate" and violated the Caesars

Palace company policy.

**RELIEF SOUGHT**

**Compensatory/Punitive - Under the Title VII of the Civil Rights Act of 1964, 2000.e2, 2000.e3**

**Non Monetary**

(A) I, the plaintiff seek from the jury a demand that the Caesars Entertainment Company's Board of Directors and

Chief Executive Office (CEO) to whom it may concern, issue a full letter of apology in writing addressed not only to

myself, the plaintiff, but also to my family (The Williams), my fiance Katherine Phillip and her mother, as well as to

the Administrative Staff at Johnson and Wales University Providence specifically the "Career Services" Department

and Financial Aid Department, for the "complete inconvenience" and "uneccassary" length on means which this

"unlawful activity" had placed as far as a "burden" on all of our lives. Career Services at Johnson and Wales

University has the already "tedious" task of helping place students in jobs to help better their careers as "college

educated" students.

The students who attend college should in no way be taken through such "unlawful" acts just for managers to "not

own up" to making their own mistakes and believe that trying to "cover up" wrongdoings and intentionally seek to

place adverse action after adverse action onto a students life and livelihood, should ever be tolerated, especially from

Corporate. Harassing and Following an applicant who complained of Managements alleged wrongdoings by way of

"retaliation" for filing a complaint, should not be tolerated or even made to appear that it is.

(B) I, the plaintiff seek to demand of the jury that, by way of "Court Order" in conjunction with the EEOC, that

Caesars Palace be placed on a minimum of a (2) two year probationary period of compliance with the EEOC local

offices, in which periodical checks will be made by a representative of the EEOC to "mandate" that Caesars Palace

management with the capacity of "hiring and firing" decisions are in "good standing" with regulations and to

"ensure" that no new complaints of "alleged misconduct" have occured and have been reported "internally" or to a

State (NERC) or Federal Agency (EEOC).The two year period to begin on the date of the court order.

PLEADING TITLE - 7

(C)  I, the plaintiff seek to demand of the jury that a court order be issued for the employees of Caesars Palace be "updated" by way of seminars and training sessions once again to bring all of their employees up to speed on the key areas of "Harassment, Bullying, Following (On/OFF Duty), Retaliation, and How to Report such "alleged" violations. I, the plaintiff merely seek to "ensure" that Caesars Palace employees all understand and are on the same page as how to report alleged misconduct, why they shouldn't fear "retaliation" in any way for doing such, and most importantly "who" to report alleged misconduct to in *strict confidentiality". It is imperative that employees feel "safe" and "assured" that they will not be subjected to any form of retaliation or adverse actions for simply "filing a complaint" of misconduct.

(D.  I, the plaintiff seek to demand that jury, clearly state under oath, just what does their verbal statements of "seeing into someone's eyes" and "remote viewing" entail to each of them individually? For clear "clarification" for our "hospitality industry" as a whole to hear precisely, just what does "seeing into someone's eyes" and "remote viewing" mean in their own words for clarification, how is it done in their own words, where did they learn this "supposed communication or ability" from, is there any "proof or documentation as in "a formal learning environment such as college coursework" as to how they were taught this, and most importantly who, trained them each individually? Lastly, I the plaintiff would demand the jury have each individual Defendant explain "under oath", just what is their perceived understanding of "seeing into someone's eyes" and "remote viewing" to be used for within the professional workplace environment being "on duty" and "off duty"?

(E)  I would like as the plaintiff, for each Individual Defendant  to show "reasoning", "motive", "relevance", "official job capacity or assigned duty" to do such, as well as to how it "relates" to a job and ones capability to do their job; and give the jury in their own words a "logical explanation" to their repeated verbal confessions of "conduct" used to "target" my livelihood and overall "health and well being" over a period of over 2 years from June 2018 to present.

(F)  I, the plaintiff seek to demand of the jury that Caesars Palace be "court ordered" to make a "currently open" and of equal market value and job duties, available to me in order to "complete the previously stated tasting (skills exam), and be "offered" a Chef position, "contingent" on the plaintiff, passing the tasting (skills exam) and the necessary background and drug tests which are required during the hiring process. This would not in any way mean that the position of Chef has to be specifically at Caesars  Palace, yet I, the plaintiff am "open" to available opportunities at comparable properties.

PLEADING TITLE - 8

1

2

<u>Monetary</u>

3

4

(A)  I, the plaintiff seek in demand from the jury that the maximum allowed $300,000.00 be awarded for the alleged

5

unlawful acts and "willingly", "malicious", "egregious" and "intentional" misconduct which the management of

6

Mesa Grille, Bacchanal, and Rao's exhibited towards the plaintiff. I believe that each "knowingly" participated in

7

such adverse activity which not only "promoted" Vicarious Harassment from a supervisor and non supervisor,

8

Tortious Interference from a Third Party Employer, Harassment, Defamation, Stalking Behavior, Unwanted

9

Following, Egregious Retaliation, as well as increased uneccassary public scrutiny just for a job opportunity as a

10

chef. All which is totally "uncalled" for, when one simple tasting was the "answer" to this issue. There was no

11

"evidence" to suggest in any "good faith" that I am not qualified, was incapable of performing the job duties, had not

12

possessed the skill set needed or educational background, or even that I would "fail" the tasting and be recruited by

13

an employer within Caesars Palace to proceed with the hiring stages up to the "offer letter". Still after being "denied"

14

employment for the specific "posted" job, each position sat "unfilled".

These choices left me unemployed, in "direct economic" harm from the "Tortious Interference by a Third Party

15

Employer", ultimately "evicted" and now out on the streets homeless, trying to finish a Bachelor's Degree, and find a

16

"comparable chef position" which pays what I should be earning, and has the same comparable "job duties". So

17

much worse how this has all placed my life "in direct harm" of contracting this Covid 19 virus and places me at a

18

"complete disadvantage" of even being able to now find a chef position after all the "pandemic" had done to the

19

Hospitality Industry and job market.

20

<u>FRONT PAY</u>

21

(A) I the plaintiff, seek in demand from a jury for the award of Front Pay for a period of no less than 5 to 8 years, for

22

the injury caused to my ability to now find a job and with the circumstances involving this case, the "direct

23

economic" harm which my livelihood has been placed in. Front Pay awarded as a "remedy" to make the plaintiff

24

"whole" and provide compensation for the "extreme" conditions that the managers alleged within this complaint,

25

have placed my life to be in "currently". "But so for" any of such conduct occuring over these past two years,

26

having to "report" harassment and retaliation, and dealing with the NERC and the EEOC investigation, there is no

27

"logical or explainable" reasoning why a Senior Year Johnson and Wales University student should ever have in

28

PLEADING TITLE - 9

finding a job, pre-Covid 19. Now that it's post-Covid 19, the job market has plummeted, jobs are scarce, I'm still homeless, and only option left is to "quit" the industry altogether as a "direct result of this misconduct and it's time consuming effects in damages which it causes, or seek as the plaintiff to award a substantial amount in Front Pay to cover for future losses.

Front Pay should be calculated with my set yearly salary of reason, and to include bonuses if applicable, salary increases(on a per year basis of calculation) and I request from the jury to take into consideration the current market and probability of actually finding a comparable position now.

October 30, 2020

_____
Plaintiff Pro Se

10/30/20

PLEADING TITLE - 10

EEOC Form 161-B (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)**

To: Nathaniel Williams
848 North Rainbow Boulevard
Box 176
Las Vegas, NV 89107

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

From: Los Angeles District Office
255 E. Temple St, 4th Floor
Los Angeles, CA 90012

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 34B-2019-00730 | Karrie L. Maeda, State & Local Coordinator | (213) 894-1100 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was

