**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Nathaniel M. Williams,<br><br>               Plaintiff,<br><br>    v.<br><br>Desert Palace LLC,<br><br>               Defendant. | Case No. 2:20-cv-02021-GMN-BNW<br><br>**SCREENING ORDER AND<br>REPORT AND RECOMMENDATION** |

*Pro se* Plaintiff Nathaniel Williams brings this employment-discrimination case related to events that occurred while he was employed at Caesars Palace Hotel and Casino. Williams submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. ECF No. 2. Accordingly, the Court will grant his request to proceed *in forma pauperis*.

The Court now screens Plaintiff's complaint. ECF No. 2-1.

**I.    Analysis**

    **A.  Screening Standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no

set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear that the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B. Screening the Complaint**

Plaintiff's complaint alleges that he was wrongfully terminated from Cafe Americano (a restaurant located at Caesars Palace) on September 24, 2018. Soon thereafter, he applied for employment at several restaurants within Caesars Palace. These included Mesa Grill, Bacchanal, and Rao's.

Williams eventually interviewed with Chef Richard Leggett for the position at Bacchanal. Chef Richard told him that position was no longer available but wanted to set up a "tasting-skills exam" for the following week. Chef Richard asked Williams if there was anyone he could contact at Cafe Americano for references. Williams explained he did not wish for Cafe Americano to be contacted but stated that he would provide references from previous employments. In addition, when he filled out his application, he made clear that he did not wish Cafe Americano to be contacted.

Nevertheless, Chef Richard never called him back. This is because, according to Williams, a former colleague of his—Jose Levin—called Chef Richard and provided false information about Williams. For example, Levin stated that Williams, among other things, had warrants and would not pass the background check, was homeless, and was a devil worshipper.

Williams alleges that Levin similarly persuaded the Chef at Mesa Grill not to hire him.

In short, Williams alleges Caesars should not have had any conversations with anyone at Cafe Americano because he did not consent to it. He further alleges that Caesars' failure to hire him constitutes discrimination and retaliation under Title VII and the violation of several Nevada statutes.

### 1. Discrimination under Title VII

Title VII makes it "unlawful . . . for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). To state a claim for discrimination, a plaintiff must allege she (1) belongs to a protected class; (2) was qualified for the position; (3) was subject to an adverse employment action; and (4) similarly situated individuals outside her protected class were treated more favorably, or that a discriminatory reason motivated the employer. *Reynaga v. Roseburg Forest Prod.*, 847 F.3d 678, 690–91 (9th Cir. 2017) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). If the plaintiff makes out a *prima facie* case, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions. *Id.* at 691. If the defendant does so, then the plaintiff must show that the employer's proffered reasons were "a mere pretext for unlawful discrimination." *Id.*

Here, Williams fails to state a Title VII claim for discrimination because he does not allege sufficient facts to show how the first or fourth elements are met. He alleges he was qualified for employment (based on his studies and previous jobs) and that he was not hired. But his complaint lacks facts that show which protected class he alleged he belongs to or how others similarly situated outside his protected class were treated more favorably.

### 2. Retaliation

To make out a *prima facie* case of retaliation, plaintiffs must show that they (1) "undertook a protected activity under Title VII," (2) defendants subjected them to an adverse employment action, and (3) "a causal link between the two." *Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 646 (9th Cir. 2003). Protected activities under Title VII include opposing allegedly discriminatory acts by one's employer. *Id.*; *see also* 42 U.S.C. 2000(e)–3(a). They also include

making informal complaints to one's supervisor. *See Ray v. Henderson*, 217 F.3d 1234, 1240 n.3 (9th Cir. 2000).

Here, Williams fails to state a claim for retaliation. He alleges facts to meet the second element as he states Caesars failed to hire him. But he does not allege sufficient facts to show how the first or third elements are met. That is, he does not allege what protected activity under Title VII he undertook. Neither does he explain what the link is between that protected activity and not being hired.

Given these deficiencies, the Court will dismiss Plaintiff's complaint but with leave to amend.

### C. State Law Claims

Williams alleges violation of several state statutes: Blacklisting, Prevention of Employment, Stalking, and Harassment.

The supplemental jurisdiction statute provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Courts in this circuit have explained that where state law claims arise from the same nucleus of operative fact as federal claims, a district court may properly invoke its supplemental jurisdiction over the state law claims. *See Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004).

Since Williams must successfully state a federal claim to proceed with his case, this Court will not screen his potential state court claims at this time. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").

//
//

### D. Instructions for Amendment

Williams is advised that if he files an amended complaint, the original complaint (ECF No. 2-1) will no longer serve any function in this case. This is because the Court cannot refer to a prior pleading or to other documents to make Plaintiff's amended complaint complete. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). The amended complaint must be complete in and of itself without reference to prior pleadings or to other documents.

## II. Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff Nathaniel Williams' Application for Leave to Proceed *In Forma Pauperis* (ECF No. 2) is **GRANTED**. Plaintiff is permitted to maintain this action to conclusion without prepaying fees or costs or giving security for them.

**IT IS FURTHER ORDERED** that the Clerk of Court must detach and separately file Plaintiff's complaint (ECF No. 2-1).

**IT IS FURTHER ORDERED** that Plaintiff's complaint be **DISMISSED** without prejudice and with leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff shall have until October 20, 2022 to file an amended complaint. If Plaintiff chooses not to file an amended complaint, the Court shall dismiss this action without prejudice.

DATED: August 19, 2022.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE